Filed 2/19/26  P. v. Laroche CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102643 |
| Plaintiff and Respondent, | (Super. Ct. No. 24FE011306) |
| v. | |
| JEFFREY LAROCHE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeffrey Laroche asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has not filed a supplemental brief.  Finding no arguable errors that would result in a disposition more favorable to him, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant called his wife from jail and asked her to hide something from the backyard up in the attic.  His wife responded that he should not say that on the phone.  After reviewing the recording of the call, police officers went to the home and found a

1

shotgun in a black trash bag in the backyard. The officers also found a rifle magazine in a locked ice chest in the bedroom closet of defendant's son, along with defendant's clothing. After the search, defendant again called his wife from jail, and she told him, "they found what was in the backyard." Defendant responded, "That's why I told you to put everything up yesterday, right?"

A jury found defendant guilty of possession of a firearm having been convicted of a felony (Pen. Code, § 29800) and not guilty of possession of ammunition while prohibited from possessing a firearm (Pen. Code, § 30305). Defendant waived his right to a jury trial on aggravating circumstances. The trial court found that: (1) defendant's prior convictions were numerous, (2) defendant was on post-release community supervision when he committed the offense, and (3) defendant had performed poorly on probation and parole. The court sentenced defendant to the upper term of three years in prison. Defendant asked the court to waive non-mandatory fines and fees due to his inability to pay, and the court agreed. The court imposed a $300 restitution fine and a matching mandatory supervision revocation restitution fine. The court also imposed a $40 court operations assessment and a $30 conviction assessment. The court credited defendant for 325 days for time served in custody.

Defendant filed a timely notice of appeal.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.